UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PRICE, #362584,

    Plaintiff,

v.

CASE NO. 2:21-CV-11260
HON. PAUL D. BORMAN

ST. LOUIS CORR. FACILITY, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Robert Price ("Plaintiff"), currently confined at the Central Michigan (i.e. "St. Louis") Correctional Facility in St. Louis, Michigan, alleges that he is being denied proper medical care while in prison and jail. (ECF No. 1, Complaint.) Plaintiff names the St. Louis Correctional Facility, the Montcalm County Department of Corrections, and the State of Michigan ("MDOC") as the defendants in this action. He sues the defendants in their official capacities and seeks monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. (ECF No. 3, Order.)

For the reasons set forth herein, the Court dismisses with prejudice the civil

rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

II.

Plaintiff has been granted in forma pauperis status in this case. (ECF No. 3, Order.) Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e©; 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim

showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was

3

caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III.

Plaintiff fails to state a claim upon which relief may be granted in his complaint. Plaintiff names the St. Louis Correctional Facility, the Montcalm County Department of Corrections, and the State of Michigan (MDOC) as defendants in this action. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that prison facilities are not person or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983). It is equally well-settled that governmental departments and agencies, such as the MDOC, are not persons or legal entities subject to suit under 1983. *See Harrison*

*v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989)). Similarly, county jails and sheriff's departments are not entities subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Consequently, Plaintiff's complaint against such defendants must be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, to the extent that Plaintiff seeks to name Montcalm County as a defendant in this action, he still fails to state a claim upon which relief may be granted in his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to do so with respect to Montcalm County. Any assertion that Montcalm County (or any other defendant) failed to supervise an employee, should be vicariously liable for another's conduct, and/or did not properly respond to his grievances or complaints

is insufficient to state a civil rights claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff therefore fails to state a claim upon which relief may be granted in his complaint.

IV.

Additionally, the State of Michigan defendants are entitled to sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (citing *Thiokol*).

6

The Eleventh Amendment does not preclude suits against state defendants for prospective injunctive relief. *See Carten v. Kent State Univ.*, 281 F.3d 391, 397 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also McCormick*, 693 F.3d at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

"The State of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate Eleventh Amendment immunity when it passed § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). The State of Michigan is thus entitled to Eleventh Amendment immunity. Additionally, because the MDOC (including its prisons) is an administrative agency within the Michigan government, it is also entitled to Eleventh Amendment immunity. *Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). The State of Michigan defendants are thus entitled to Eleventh Amendment immunity on Plaintiff's claims for damages (the only relief requested) against them in their official capacities.

V.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint, and that the State of Michigan defendants are entitled to immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. Lastly, the Court concludes that an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2021