UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PRICE, #362584,

        Plaintiff,        Case No. 21-cv-11260

v.        Paul D. Borman
        United States District Judge

ST. LOUIS CORRECTIONAL
FACILITY, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL (ECF NO. 15)

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. On June 16, 2021, this Court entered the Opinion and Order of Summary Dismissal and Judgment in this case, dismissing Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted, and that the State of Michigan defendants are entitled to immunity. (ECF Nos. 4, 5.)

Plaintiff filed a late Notice of Appeal to the Sixth Circuit Court of Appeals on August 26, 2021. (ECF No. 8, Notice of Appeal); *Price v. St. Louis Corr. Facility*, Case No. 21-2934 (6th Cir.). On September 21, 2021, the Sixth Circuit Court of Appeals issued a show cause order, noting that Plaintiff's notice of appeal is late and that he has not moved in the district court for an extension of time to appeal, under

Fed. R. App. P. 4(a)(5), or for reopening of the time to appeal, under Fed. R. App. 4(a)(6). (Case No. 21-2934, ECF No. 3-2, Show Cause Order.) The Sixth Circuit's Order stated that "[u]nless such a motion is filed in and granted by the district court, this court will be required to dismiss the appeal," and the court ordered Plaintiff to show cause why the appeal should not be dismissed. (*Id.*)

On October 22, 2021, Plaintiff filed a letter request with this Court, asking for an extension of time to file an appeal. (ECF No. 15, Letter Request.) The Court will construe this letter request as a motion to extend time for filing notice of appeal, and will DENY the motion for the reasons set forth below.

"The losing party in a civil case has a right to appeal, but the right does not last forever." *Martin v. Sullivan*, 876 F.3d 235, 236 (6th Cir. 2017). "Federal Rule of Appellate Procedure 4(a) and its statutory counterpart, 28 U.S.C. § 2107, set out a strict timetable," and "'the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" *Id.* (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). "There are only two circumstances in which the party can move the district court for more time. First, it can move for an extension under Rule 4(a)(5) based on 'excludable neglect or good cause.' Or alternatively, it can move to reopen the time to file an appeal under Rule 4(a)(6) if it did not receive proper notice of the underlying judgment." *Id.* at 237 (citing Fed. R. App. 4(a)(5)-(6); 28 U.S.C. § 2107(c)). However, "if a losing party wants more time to file an appeal, it must file

a motion in the district court asking for more time," and "merely filing a notice of appeal does not amount to a motion for more time to file an appeal." *Id.*

If construed as a request to extend the time for appeal, Plaintiff's October 22, 2021 motion is untimely because it was not filed within the grace period allowed by Federal Rule of Appellate Procedure 4(a)(5), which in no event may extend beyond 60 days after the entry of judgment (30 days after the expiration of the original 30-day deadline under Rule 4(a)(1)). "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under … Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Thus, a district court acting under Rule 4(a)(5) may not under any circumstances extend the time for filing the notice of appeal beyond 30 days after the time originally prescribed by Rule 4(a)(1). *See Hiles v. Army Review Board Agency*, No. 16-3996, 2017 WL 7806617, at *1 (6th Cir. Aug. 23, 2017) ("At most

… the district court [may] extend[ ] the deadline only until ... 30 days after the original ... deadline" for filing the notice of appeal) (citing *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997) (noting that the district court never is authorized to grant a Rule 4(a)(5) motion that was filed beyond the 30-day extension period)).

In this case, regardless whether the Plaintiff has shown good cause or excusable neglect, or when he received notice of the judgment, the Court is without power to extend the time for filing a notice of appeal beyond 60 days from the entry of the June 16, 2021 Judgment, or August 15, 2021. The present motion, filed on October 22, 2021, was not presented to the Court until more than two months after the latest date to which an extension could have been granted. Thus the Court is without power to consider the late request to extend. *Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001) ("Even if the reasons offered by Martin in support of his motion qualify as excusable neglect, he had only an additional thirty days to file a motion for an extension of time.").

Moreover, even if the Court generously construes the motion as one to reopen the time for filing a notice of appeal (Plaintiff only requests "to file an extension of time"), it still could not be granted because Plaintiff has not established that it was filed within the time allowed after he received notice of the judgment. If Plaintiff received "notice of the entry of the judgment earlier than 180 days after the judgment

was entered, he was required to file a motion to reopen the time for appeal within [14] days after receiving notice." *Straub*, 27 F. App'x at 338 (citing Fed. R. App. P. 4(a)(6)(B)). Plaintiff does not indicate anywhere in his motion when he received notice of the judgment, but he must have received notice within 180 days, because his motion for relief was filed 128 days after the judgment was entered (and his Notice of Appeal was filed 71 days after the judgment was entered). Without knowing when notice of the judgment actually was received, the Court cannot conclude that the present motion was filed within the 14-day deadline. Even assuming Plaintiff received the notice of judgment as late as the same day he filed his notice of appeal, August 26, 2021,[1] he was required to file a motion to reopen the time for appeal within 14 days after receiving the notice, or by September 9, 2021. The present motion was filed more than a month after that deadline had passed, and the Court "has no authority to consider a motion which is not filed within Rule 4(a)(6)'s time constraints." *Straub*, 27 F. App'x at 338. The Court therefore must deny the motion to the extent that it embodies a request to reopen the time for appeal.

---

[1] When Plaintiff filed his notice of appeal, he attached a printout of the Court's docket dated August 9, 2021, which listed the Opinion and Order and Judgment, so it is fair to say that he had notice of the dismissal order and judgment by that date. (ECF No. 8, Notice of Appeal, PageID.75-76.)

Accordingly, it is ORDERED that Plaintiff's construed motion to extend time for filing notice of appeal (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated: November 2, 2021                             s/Paul D. Borman
                                                    Paul D. Borman
                                                    United States District Judge