UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PRICE, #362584,

        Plaintiff,                        Case No. 21-cv-11260

v.                                                Paul D. Borman
                                                  United States District Judge

ST. LOUIS CORRECTIONAL
FACILITY, *et al.*,

        Defendants.
_____/

## ORDER DENYING:
## (1) PLAINTIFF'S MOTION TO REOPEN TIME FOR APPEAL (ECF NO. 21); AND
## (2) PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 23)

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. On June 16, 2021, this Court entered the Opinion and Order of Summary Dismissal and Judgment in this case, dismissing Plaintiff's complaint with prejudice because the complaint failed to state a claim upon which relief may be granted, and because the State of Michigan defendants are entitled to immunity. (ECF Nos. 4, 5.)

Plaintiff filed a late Notice of Appeal to the Sixth Circuit Court of Appeals on August 26, 2021. (ECF No. 8, Notice of Appeal); *Price v. St. Louis Corr. Facility*, Case No. 21-2934 (6th Cir.). In response to a show cause order from the Sixth Circuit, Plaintiff filed a letter request with this Court asking for an extension of time

to file an appeal (ECF No. 15). The Court construed the letter request as a motion to extend the time for filing notice of appeal, and denied the motion on November 2, 2021, holding that Plaintiff did not file his request within the applicable time limits set forth in Fed. R. App. P. 4(a)(5) or 4(a)(6). (ECF No. 16.) On November 23, 2021, the Sixth Circuit Court of Appeals entered an order dismissing Plaintiff's appeal as untimely. (ECF No. 20.)

This matter is now before the Court on Plaintiff's Motion to Reopen for Time to Appeal (ECF No. 21), and Plaintiff's Motion to Amend Complaint (ECF No. 23). Plaintiff's motions must be denied. The Court has already addressed Plaintiff's request to reopen the time for filing a notice of appeal under Fed. R. App. P. 4(a)(6) in its November 2, 2021 Order and denied it as untimely. (ECF No. 16.) The Court found that "[e]ven assuming Plaintiff received the notice of judgment as late as the same day he filed his notice of appeal, August 26, 2021,[1] he was required to file a motion to reopen the time for appeal within 14 days after receiving the notice, or by September 9, 2021. The present motion was filed more than a month after that deadline had passed." (*Id.* at p. 5, PageID.122.) The Sixth Circuit has subsequently

---

[1] When Plaintiff filed his notice of appeal, he attached a printout of the Court's docket dated August 9, 2021, which listed the Opinion and Order and Judgment, so it is fair to say that he had notice of the dismissal order and judgment by that date. (ECF No. 8, Notice of Appeal, PageID.75-76.)

2

dismissed Plaintiff's appeal for failure to timely file a notice of appeal. (ECF No. 20.)

Further, the Court entered an Opinion and Order and Judgment summarily dismissing Plaintiff's complaint with prejudice on June 16, 2021. (ECF Nos. 4, 5.) This case is closed and Plaintiff's motion to amend the complaint, which has been dismissed with prejudice, filed five months after the entry of judgment, must be denied. "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden [than if the party sought to amend a complaint beforehand]. Instead of meeting only the modest requirements of Rule 15, the [plaintiff] must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010) ("Courts in that setting must 'consider[] the competing interest of protecting the finality of judgments and the expeditious termination of litigation.'") (citations omitted). Thus, Plaintiff's motion to amend the complaint will be construed as including a request to alter or amend the judgment under Fed. R. Civ. P. 59 and/or motion for relief from judgment under Fed. R. Civ. P. 60.

First, any request to alter or amend the judgment under Rule 59 is untimely. Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed within 28 days after entry of the judgment. Judgment was entered in this case

on June 16, 2021. (ECF No. 5.) Plaintiff's motion was filed over four months after this deadline expired. Therefore, the motion to alter or amend the judgment is denied.

Second, Plaintiff has not shown that relief from judgment pursuant to Fed. R. Civ. P. 60(b) is warranted. Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)).

Plaintiff has not addressed any of the six reasons set forth in Rule 60(b) to justify relief from judgment in this case. Nor has he alleged any facts which suggest that relief from judgment is warranted in this case. Plaintiff complains of having to proceed without the assistance of counsel, and of difficulty with access to the law

library, but he has nevertheless been able to make repeated filings in this case. It appears from Plaintiff's motion to amend that he wishes to bolster his original complaint with additional allegations, but he has not set forth any reasons justifying his failure to address his deficient complaint before judgment was entered against him. Further, the individual State of Michigan defendants would continue to be entitled to Eleventh Amendment immunity on Plaintiff's claim for damages (the only relief requested) against them in their official capacities. A plaintiff "who seeks to amend a complaint after losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar*, 616 F.3d at 617. Plaintiff has not provided any explanation to justify the reopening of this case. *Id.* at 616 ("If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'") (citing *James v. Watt,* 716 F.2d 71, 78 (1st Cir.1983) (Breyer, J.)).

Accordingly, it is ORDERED that Plaintiff's motion to reopen time for appeal (ECF No. 21) and Plaintiff's motion to amend complaint (ECF No. 23) are DENIED.

This case is closed. No further filings should be filed in this matter.

IT IS SO ORDERED.

Dated: December 9, 2021                               s/Paul D. Borman
                                                      Paul D. Borman
                                                      United States District Judge